U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
SEP 07 2010
LAWRENCE K. BAERMAN, CLERK
ALBANY

United States Court
for the
District of New York

Michel Joseph Messier *dit* - sieur de Saint Francois-Michel XII-(Aignan, Clotilde…)-sieur d'Iberville XIV(Pierre LeMoyne and David Messier)-Louis (VIII-Σ #s) XXXVI-de Bourbon-d'Orleans-LeMessier-LeMoyne (sieurs de Bienville) …*great…grandson* (hereinafter "Founding Family") et. al

    Plaintiff,

v.

NFL Properties, LLC: (hereinafter "NFLP")
New Orleans Louisiana Saints, L.L.C. (hereinafter "NFL's NOLA Team");
The Secretary of State of Louisiana, (hereinafter "Sec State LA")
and the State of Louisiana (hereinafter "LA State")

    Defendant,

Civil Action Number _____

1:10-CV-1075

GLS / DRH

## Complaint for Damages, Declaratory, and Injunctive Relief
## For Misappropriation of "FLEUR DE LIS (LYS)", "Nouvelle/NEW ORLEANS", sieurs de "SAINTS"

To the honorable court;

    NOW COMES Plaintiff, Michel J. Messier regarding his Founding Family's commercial (for profit) rights and responsibilities for planting (original use), propagation (Internationally, North America, New Orleans), care and harvesting of "Fleur de Lis (Lys)" symbol; family Names (lines) (Nouvelle / "New) Orleans", and (sieurs de) "Saint(s)" (hereinafter "Names") applied to goods and services, software and hardware. For cause of action and upon information and belief Founding Family in the above styled cause, alleges and complains of NFL Properties (herein "NFLP"), New Orleans Louisiana Saints, L.L.C. (herein the "NFL's NOLA Team"), the Secretary of State of Louisiana (hereinafter "Sec State LA"), and the State of Louisiana (hereinafter "LA State") as follows:

1.      New Orleans Founding Family, *members named sieurs de* **Saint(s)**, **d'Orleans** planted the original (first) and claims continual use of the **Fleur de Lis (Lys)**, and Names applied to goods and services, hardware and software internationally at least as early as c. 450, in North America c. 1534-5, the Southern United States c. 1534-1564, Gulf Coast c. 1699 and New Orleans c. 1680-1714. Evidence of this is maintained internationally in libraries (of congress), museums, on software and hardware, headwear, sporting gear (armor), garments (outer, under), balls (cannon), cups, tapestries, forts, buildings, documents, directions, maps, manuscripts, flags, trading posts, signs, keg taps, pipes, cards, baskets, bags, collectables, city, town, county, parish names and more. Exhibits #-# We are proud of our international Norman, French, English, North American, United States, Southern United States, Gulf Coast and New Orleans (great grand...) fathers, mothers, family, and friends. They and we provide the foundation of commerce activity in a great city, community, country, continent, and world. As a result of the activities, "cease and desist" actions of the NFL, and the NFL's NOLA Team last fall and the positions publicly stated by the current LA State Officials, we need to reflect on the rights and responsibilities associated with the symbols, marks, trade marks, trademarks and names. We need to revisit some of the basic tenants of our founding fathers and mothers through application of the common sense, cooperation, compassion, care, constitution, courts, courtyards, communities, while respecting individuals, families, fellow country(wo)man's rights to return on investment (land, labor, capital), due process, and takings provisions in controlling commerce in part, and in this specific case trade marks.

2.      The Fleur de Lis (Lys) is one the, if not the oldest recorded trademarks used, applied, planted and propagated in America c. 1534-5.

3.      Historic records and resources evidencing my Founding Family first, earliest use of the "Fleur de Lis (Lys)" "New Orleans" "Saints" in America c. 1534-1714.

4.      My Founding Family had and has dreams and faith for the future of America, Louisiana, the geopolitical subdivision that have evolved from La Louisiane, and New

Orleans. My Founding Family invested heavily in the exploration, settlement and development of including but not limited to New Orleans (US, Gulf Coasts) as a hubs of international trade of "Fleur de Lis (Lys)" goods and services.

5.   I have had two conversations with the current LA State's attorney's office regarding my Founding Family's first use and rights to the trade marks, symbols and names, and I believe their public positions on for profit entities on these issues are not well founded.

6.   I have had at least four conversation with NFL's attorney's with no material response or expression of willingness to enter into talks, or negotiations, related to their for profit applications of Founding Family's "Fleur de Lis (Lys)" "New Orleans" and "Saints" symbols and names. I have also provide the NFL two emails, the latest on attempt on Sunday, August 29, 2010 with no NFL or NFL's NOLA Team response.

7.   The "Fleur de Lis (Lys)" has been adopted and applied by our Founding Norman French Family for more than 1,500 years in commerce and trade, product and services, software and hardware. It is one of the most recognized symbols internationally and arguably no symbol adds more value to a product or service than the "Fleur de Lis (Lys)". As such it was and is uniquely positioned to return substantial rewards when applied for profit in commerce, and for non-profits. The for profit NFLP and NFL's NOLA Team filed public documents falsely claiming ownership of the "Fleur de Lis (Lys)", (Nouvelle/New) "Orleans" and "Saints"; symbols, lines, and names. They then appear to have conceded that they were not the first users of the "Fleur de Lis (Lys)", but appear to contend exclusive commercial (for profit) rights to "New Orleans" "Saints". **Louisiana** state officials declared that the "Fleur de Lis (Lys)" symbol belongs to the people, it appears even in for profit commerce depriving its originators of their rights without compensation, a takings without due process.

8.   This is an action for request of declaratory relief, cancellation of the NFL and the NFL's NOLA Team claim of rights, trademark, first use or other in regard to the "Fleur de Lis (Lys)", "New Orleans", and "Saints" in commerce for goods and services on software and hardware. This case attempts to apply a reflecting mirror of the "cease and desist orders" the NFL issued to small vendors in the fall of 2009. The recognition of the first use of the "Fleur de Lis (Lys)", "New Orleans", and "Saints" in commerce (for profit) to the Founding Family that first use and maintained its rights through legally recordings, and maintenance, internationally for millennium and centuries are great…grand mothered /fathered in and appear continually and consistently in many of the founding documents and records of America, Louisiana, New Orleans and are maintained to this day and into tomorrow.

## Tasteful, Reasonable, Peaceful, Moral, and Ethical Non-profit applications of "Fleur de Lis (Lys)", "New Orleans", and sieurs de "Saints" can be acceptable

9.   My Founding Family believes and is willing to concede non-profit applications benefiting our world community in tasteful, reasonable peaceful, moral and ethical applications are acceptable including but not limited to geopolitical flags, and other applications consistent with examples would include but are not limited to Churches, and the Boy Scouts of America.

10.   But, wherever and however value is added / for profit my Founding Family has and will continue to claim, protect and preserve our right to the signs and symbols, names, and lines in commerce / trade as we have for a millennium and centuries.

11.   This is an action for a request for declaratory relief, cancellation of the trademarks obtained by the NFL and the NFL's NOLA Team fraudulent registration, request for permanent injunction, breach of contract, tortuous interference with existing contracts, tortuous interference with prospective contracts, deceptive advertising under International, US, New York law, Louisiana law, common law unfair competition,

common law trademark infringement, state statutory trademark infringement and dilution, federal unfair competition, federal dilution, federal commercial and product disparagement, negligence, fraud, violations of trademark law, and conspiracy.

**Parties**

12. My Founding Family owns and uses the "Fleur de Lis (Lys)" "New Orleans" "Saints" trademark ,and various derivations thereof ,that it uses in connection with numerous goods and services it has made commercially available in North America since 1534-5, Southern United States since c. 1564, Gulf Coast since c. 1680-99, New Orleans (French Forts, Markets and Fairs) since c. 1680-1714 . Those goods and services have included 1) trading under the "Fleur de Lis (Lys) in venues including but not limited to trading posts, markets, buildings, sporting venues, providing entertainment services by producing, distributing and beverages, musical and live events, 2) operating social clubs, 3) producing and distributing merchandise in the form of, including but not limited to, apparel, paper goods, advertisements, beverages, coffee, champagne, soft drinks, and snack foods, and 4) working with communications, medias of the eras to promote the brand. In an effort to protect those marks our Founding Family takes action to prevent the infringement, dilution, disparagement, and misappropriation of its marks. Exhibits #

13. The marks, names and lines have been applied to teams controlled and participated on by my Founding Family for centuries, including but not limited to American football.

14. Defendant New Orleans Louisiana Saints, L.L.C. (herein the "NFL's NOLA Team") are a Texas limited liability company with its principal place of business at 5800 Airline Drive, Metairie, LA 70003 which own and operates a professional football team, providing entertainment services to the public in the form of competitive professional football games. The NFL's NOLA Team is one of the thirty-two member clubs of the National Football League.

15. Defendant NFL Properties, LLC (herein the "NFLP"), is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 280 Park Avenue, New York, New York 10017, and has been authorized by the NFL and the NFL's NOLA Teams to use marks for commercial purposes, to promote the NFL and its Member Clubs and to protect their purported trademarks.

16. Defendant Secretary of State of Louisiana is responsible for the state trademark applications filed through the Louisiana Secretary of State's office and is a necessary party to an action to challenge the filings made by the NFL's NOLA Team for the "Fleur de Lis (Lys)" "New Orleans" and "Saints" teams for a trade, trade mark, trademark and Trademark.

17. Defendant State of Louisiana (herein "Louisiana") is through its elected officials (principally the Attorney General) is responsible for making false statements regarding the validity of the trademarks of Founding Family and is a necessary party to an action to declare that for profit applications of the "Fleur de Lis (Lys)", "New Orleans" and "Saints" does not belong to the public for profit domain.

## Process Service

18. New Orleans Louisiana Saints, L.L.C. may be served with process by serving its registered agent, Dennis P. Lauscha, at 5800 Airline Dr., Metairie, Louisiana 70003.

19. NFL Properties, LLC may be served with process by serving its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

20. The Secretary of State of Louisiana may be served with process by serving the Administrative Services Section at 8585 Archives Ave., Baton Rouge, Louisiana 70809.

21. The State of Louisiana may be served with process by serving the Attorney General of Louisiana at 1885 North 3rd Street, Baton Rouge, Louisiana 70802.

## Jurisdiction and Venue

22. This Court has original jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338 (a) and (b), and the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

23. Plaintiff's Founding Family claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202; by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

24. This Court has jurisdiction over the person of Defendant NFL's NOLA Team by virtue of its incorporation and commission of tortuous acts in the States of Louisiana and New York.

25. This Court has jurisdiction over the person of Defendant NFLP by virtue of its conducting business and committing tortuous acts in the State of Louisiana, New York and the United States of America.

26. Venue is proper in New York because a substantial part of the legal acts and conduct are controlled by for-profit NFLP, headquartered in New York, occurred in the district of New York and the United States.

## Facts

**For Millennium, and Centuries the "Fleur de Lis (Lys)" (Nouvelle/New) d'"Orleans", sieurs de "Saints" have been associated with our Norman American Canadian French English Spainish International Founding Family's ascendants and descendants.**

27. Since 1534-5 our Founding Family has been associated with the Fleur de Lis (Lys) in North America. Trade has been marked ("trade mark", "trademark") by the Fleur de Lis (Lys) since 1534-5 in North America, since at least as early as 1564 in the Southern United States, and since at least as early as 1680-1699 in the Gulf Coast, and since at least as early as 1680-1714 in and around Nouvelle/New Orleans.

28. Many of the streets of New Orleans where trade has taken place is named after our Founding Family lines. Examples include, but are not limited to, Bourbon, Bienville, Iberville, Chartres and many more. My Founding Family was in New Orleans and planted and flew the Fleur de Lis (Lys) since Nouvelle / New Orleans first day. In the New Orleans historical society hangs an oil portrait of Bienville, Statues with Fleur de Lis (Lys) surrounding them dot the landscapes, museums, maps, streets, and paths are marked with our French Family trade marks names and lines, history. Exhibits # LeMoyne, d'Iberville, Bienville songs, books, contemporaneous journals, paintings, watercolors, record our Founding Family's trademarks application on goods and services, software and hardware abound.

29. Our Founding Family obtained various other trademarks and entered into license agreements with manufacturers and distributors of merchandise by which such companies are, or were licensed to, use the Founding Family trademarks in connection with authorized goods (herein the "French Family's Foundations").

30. My Founding Family entered into license agreements contracts applying sealing with the, for use of the "Fleur de Lis (Lys)" trademarks with cartographers, explorers, curriers de bois, masons, carpenters, manufacturers and distributors of recordings and a wide variety of apparel and fashion wear, including shirts, headwear, caps, underwear, (tunics) sweatshirts, pants, and other articles of clothing, and other products, such as, buttons, jewelry, tapestries, tiles, paintings, signs, software and hardware glassware, mugs and cups, signs, magnets, pens, lapel pins, coffee, champagne, and pralines. (attached as

Exhibit    ) example maps, images,

31.     LeMoyne House (Trading Post) in LaChine, Montréal Quebec c. 1669, is an example of a museum that maintains many example of Founding Family's goods and services, software and hardware with "Fleur de Lis (Lys)", and Names preserved from some of the earliest trading activity in North America. The Founding Family is documented, evidenced to have embarked on its exploration, discovery, trade, settlement of the Gulf Coast departing from Ville Marie, LaChine, Montreal, Quebec, Canada.

32.     The following is an application of an image (attached as Exhibit "    ") of one of the flags that first appeared in 1564-5 using the "FLEUR DE LYS (LIS)" trademark:

33. The following is a copy of the plan for the settlement of Louisiana created in c. 1699. D'Iberville's Plan. Exhibit

34.     The quality and style of Merchandise of our Founding Family are recorded in the colonial records of New Orleans city hall, and the New Orleans public library special collections area, as examples.

35.     Entities holding, and who have held licenses to use "Fleur de Lis (Lys)" trademarks, have invested significant amounts of capital and have devoted substantial amounts of time and effort to the production, marketing and promotion of merchandise bearing the "Fleur de Lis (Lys)" Trademarks and have established a significant consumer demand for these items through such efforts. Consumers readily identified merchandise bearing the "Fleur de Lis (Lys)" trademarks as being sponsored and approved by Founding French Family.

36.     Entities holding licenses from Founding Family for "Fleur de Lis (Lys)" trademarks
manufacture and/or distribute merchandise bearing such marks in interstate commerce

and throughout the United States, where the products are sold in a wide variety of retail outlets, including websites.

37.   Founding Family derived income in the form of royalty payments and licensing fees from its Licensees from the sale of licensed merchandise bearing the "Fleur de Lis (Lys)" trademarks. The company also derives income from consumers/customers from direct sales of merchandise and services bearing the "Fleur de Lis (Lys)" trademarks. Records are maintained in France, England, Spain, Canada, Louisiana, and New Orleans regarding the goods and services, software and hardware transactions, trade.

38.   Founding Family also obtained sponsors, other family members to cover the costs associated with planting, maintaining, and harvesting the "Fleur de Lis (Lys)" "Orleans" sieurs de "Saints" goods and services, hardware and software.

39.   Bienville's planting of the Fleur de Lis (Lys) in New Orleans is also part of songs. "Look for the Fleur de Lis (Lys)"

40. "Fleur de Lis (Lys)" Merchandise has been continually available on the market since 1534-5. By way of example:  Shops in New Orleans at the French Market since c 1714, Mobile Alabama c. 1699-2010 Founding Family members continue to actively participated in this trade.

## "Fleur de Lis (Lys)" American, French, English, Spainish Markets / Trading Posts, Buying Selling For Profit, and applying to Non-profits in North America since c. 1534-5

41. To identify and distinguish its goods and services,  Founding French Family has adopted and used in interstate commerce various names, terms, symbols, slogans, designs, colors and other identifying marks in international commerce. These marks are well established at common law, and many have been legally registered pursuant to the

trade mark regulations at their time of introduction.

42.     As mentioned above, my French Family marked trade with the "Fleur de Lis (Lys)" at the very beginning. The colonial records of the Louisiana State records reflect that.

### French Market Product and Services Sales

43.     Museums hold items and indicate services (vending) artifacts dug excavated that were traded with the "Fleur de Lis (Lys)" on them during the early days of colonialization, settlement throughout North America and the Gulf Coast. The "Fleur de Lis (Lys)" was prominent indeed a unique identifying value added symbol or stamp of ownership and origin of the products and services, trading posts… indicated by the objects near the trading post.

### Taking / Claiming rights to the "Fleur de Lis (Lys)" "New Orleans" and "Saints" symbols and names from my Founding French Family is a Violation of the Takings Provision of the United States Constitution

And Due Process is required, as initiated by *Henry III.*

44.     Arguably there is no symbol in commerce that adds more value to a good or service than the "Fleur de Lis (Lys)".

45.     It is of note that commercial organizations that I have had time to notify have been given three opportunities to cease and desist application of the "Fleur de Lis (Lys)", I have contacted their legal counsel and will be taking further action regarding apparent licensing agreements with third parties, such as Tiffany's.

46.     Jacques Cartier in Founding Family's great …uncle, with him in North American was Founding Family's great…grandfather Sieur Jean Guyon des Granches Vicomte de Beaupre & Thaumetz they planted the "Fleur de Lis (Lys)" in North America in 1534-1535. Jacques LeMoyne c. 1564 la Floride, Florida Fleur de Lis (Lys) application. exhibit

# Louis Hebert, Founding Family's great...grandfather c. 1606-1611 at, Port Royal settled with the "Fleur de Lis (Lys)" in North America with Champlain Founding Family's great...godfather. Exhibit #   Adrien Duchesne Founding Family's great uncle brother of Founding Family's great ...grandmother Judith Duchesne  c. 1611, was with Champlain in the St. Lawerence River valley.  Exhibit #  Founding Family's cousin LaSalle planted the Fleur de Lis (Lys) in the Mississippi valley with Messier c. 1680. Founding Family's D'Iberville II, Pierre LeMoyne dit Duchesne-Primot-LeMessier c. 1699 planted the "Fleur de Lis (Lys) in the Gulf Coast. exhibit #  Founding Family's Bienville, sieur de, Jean Baptiste LeMoyne dit Duchesne-Primot-LeMessier, participated in planting the "Fleur de Lis (Lys) c. 1699 - c. 1714, exhibit #.

LeMoynes were the First Governors of Louisianna

**Registered by legal authorities and agents upon planting, founding, first and original use (recorded in the library of congress). Recognized by our first President.**

### Attorneys fees and costs

47.     Founding French Family prays for recovery from Defendant of all reasonable attorney fees of counsel for Founding French Family, and all costs of this action, as allowed under law.

### Interest

48.     Founding French Family seeks prejudgment interest and post-judgment interest in the maximum amounts allowed by law.

### Jury Demand

49.     Founding French Family requests a trial by jury.


## Conclusion and Prayer

WHEREFORE, Founding Family respectfully requests that Defendants be cited and required to appear herein and that after a trial on the merits a judgment be entered as follows:

I. That Founding Family obtain an order enjoining the Restrained Parties from:
- a. declaring that the phrase "Fleur de Lis (Lys)", "New Orleans Saints" for-profit is in the public domain;
- b. sending cease and desist letters to individuals and entities using the "Fleur de Lis (Lys)", "New Orleans" "Saints" stating in part that the marks are owned controlled by the NFL, and NFL's NOLA Team or in public domain related to for profit entities;
- c. instructing individuals and entities using the "Fleur de Lis (Lys)", "New Orleans" "Saints" marks to cease using same and that the marks are owned and controlled by the NFL, and NFL's NOLA Team or in the public domain related to for profit entities;
- d. interfering with or thwarting the "Fleur de Lis (Lys)", "New Orleans" "Saints" marks by refusing to act in good faith with respect to the "Fleur de Lis (Lys)", "New Orleans" "Saints" claiming marks owned and controlled by the NFL and the NFL's NOLA Team or are in the public domain related to for profit entities;
- e. further engaging in manipulative business strategies designed to interfere with Founding Family's business relations, disparage Founding Family's economic interests, and damage Founding Family's ability to negotiate with others to use the "Fleur de Lis (Lys)" "New "Orleans" "Saints" trade marks;
- f. taking any action or making any statements that are adverse to Founding Family's interests in the "Fleur de Lis (Lys)" "New Orleans" "Saints" trade marks;
- g. destroying, removing, or secreting documents, records and other

information related to the claims and allegations set forth in this lawsuit;

h. denying that Founding Family has exclusive right and title to the name and/or character, or the validity of the "Fleur de Lis (Lys)" "New Orleans" "Saints" trade mark and all derivations thereof;

i. assisting or aiding others in disputing or contesting, directly or indirectly, Founding Family's exclusive right and title to the name and/or character, or the validity of the "Fleur de Lis (Lys)" "New Orleans" "Saints" trade mark and all derivations thereof;

j. **denying that Founding Family has the right, through first usage, to the "Fleur de Lis (Lys)" c. 1534-5 "New Orleans" c. 1714 "Saints" c 1534-1714 in the United States, Canada, North America;**

k. denying that the phrase "Fleur de Lis (Lys)" or any of its derivations is unique and original and Founding Family is the owner thereof;

l. denying that as a result of Founding Family's exploitation of the "Fleur de Lis (Lys)" "New Orleans" "Saints" name and/or character therein and otherwise, Founding Family has acquired a substantial and valuable goodwill therein;

m. denying that as a result of Founding Family's exploitation of the "Fleur de Lis (Lys) " "New Orleans" "Saints" name and/or Character is inherently distinctive or it has acquired a secondary meaning, and the Characters themselves have established a meaning distinct from any prototypes on which they may have been based;

n. denying that Founding Family territory for the "Fleur de Lis (Lys)" "New Orleans" "Saints" trademark and all derivations thereof includes the United States;

o. using on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise, or for any purposes whatsoever, the "Fleur de Lis (Lys)" "New Orleans" "Saints" trademarks or any colorable imitations thereof;

      p. using in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale or distribution of any Articles of merchandise, any combination of identifying designations of the Founding Family or any colorable imitations of any of the above;

      q. representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that Restrained Parties products originated with or are the products of Founding Family, or that there is any affiliation or connection between Founding Family and the Restrained Parties or their products and from otherwise unfairly competing with Founding Family; and

      r. using any mark in a manner so as to cause the dilution of the distinctive quality of the famous "Fleur de Lis (Lys)" "New Orleans" "Saints" trademarks.

II. That Founding Family recover all profits derived by Defendants from the "Fleur de Lis (Lys)" "New Orleans" "Saints" marks;

III. That Founding Family recover all profits derived by third parties from the "Fleur de Lis (Lys)" "New Orleans" "Saints" marks;

IV. That Founding Family recover the diminished value of the "Fleur de Lis (Lys)" "New Orleans" "Saints" marks;

V. That Defendants and those controlled by Defendants be required in accordance with 15 U.S.C. § 1118, to recall and deliver up to the Court for destruction all merchandise that bears simulations of the registered trademarks of the Founding Family and all advertisements, packages, containers, labels, signs, prints, wrappers, binders, covers and all advertisements that are, or that embody, any reproduction, copy, counterfeit or colorable imitation of Founding Family's registered trademarks and all plates, molds, and other means of making the same;

VI. That Founding Family recover its damages sustained as the result of Defendants' federal trademark infringement, unfair competition and dilution and that the Court exercise its discretion and enter a judgment for such additional sums as the Court

shall find to be just, according to the egregious nature of the acts of Defendants;

VII. That Founding Family have and recover treble damages under 15 U.S.C. § 1117 by reason of the willful and deliberate acts of federal trademark infringement by Defendants;

VIII. That Founding Family have and recover double damages under Louisiana law by reason of Defendants' acts of deceptive advertising;

IX. That Founding Family have and recover punitive damages under Louisiana law in the amount of twice the combined total of Founding Family actual loss (NFL's NOLA Team Margins) by reason of Defendants' acts in violation of Louisiana s tate law;

X. That Founding French Family have and recover damages by reason of Defendants' acts of common law trademark infringement, disparagement and unfair advertising;

XI. That Defendants be directed to file with this Court and to serve upon Founding Family within thirty (30) days after service upon Defendants of this Court's injunction issued in this action, a written report by Defendants under oath setting forth in detail the manner in which Defendants have complied with the injunction.;

XIII. That Defendants be required to account to Founding Family for the profits arising out of their unlawful activities;

XIV. That Founding Family recover prejudgment interest and post-judgment interest;

XV. That Founding Family have and recover their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and Louisiana law;

XVI. That Founding Family have and recover their costs and disbursements herein; and

XVII. That Founding Family have such other and further relief as the Court may deem just and proper.

Dated September 7, 2010

Respectfully submitted,

*[signature]*

Michel Joseph Messier

104 Forest St.

Rutland, VT 05701

(802)342 9878