**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL JOSEPH MESSIER,**

     **Plaintiff,**       **1:10-cv-1075
                   (GLS\DRH)**

     **v.**

**NFL PROPERTIES, LLC; NEW ORLEANS
LOUISIANA SAINTS, L.L.C.; THE
SECRETARY OF STATE OF LOUISIANA;**
and **STATE OF LOUISIANA,**

     **Defendants.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Michael Joseph Messier
Pro Se
104 Forest Street
Rutland, VT 05701

**FOR THE DEFENDANTS:**
*NFL Defendants*
Bond Schoeneck Law Firm    CLIFFORD G. TSAN, ESQ.
One Lincoln Center       JOHN G. MCGOWAN, ESQ.
Syracuse, NY 13202-1355

*State Defendants*
Nixon, Peabody Law Firm     DANIEL J. HURTEAU, ESQ.
677 Broadway, 10th Floor
Albany, NY 12207

Shows, Cali Law Firm      AMY L. MCINNIS, ESQ.
628 St. Louis Street       EDMOND WADE SHOWS, ESQ.
Baton Rouge, LA 70802

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Michael Joseph Messier commenced this action against NFL Properties, LLC and New Orleans Louisiana Saints, L.L.C. (NFL defendants), and the Secretary of State of Louisiana and the State of Louisiana (State defendants), alleging trademark infringement, unfair competition, and business interference in violation of the Lantham Act[1] and Louisiana common law. (*See* Compl., Dkt. No. 1.) Pending are NFL defendants and State defendants' motions to dismiss.[2] (*See* Dkt. Nos. 4, 21.) For the reasons that follow, the motions are granted and Messier's complaint is dismissed.

## II. Discussion

---

[1] 15 U.S.C. § 1114, *et seq.*

[2] Also pending is NFL defendants' January 18, 2011 letter requesting that the court disregard Messier's "continuing piecemeal submission of documents." (Dkt. No. 33.) While both sympathetic to defendants' concerns and disinclined to consider late or unauthorized filings, the court will nonetheless receive and consider Messier's sur-reply and supplemental exhibits, (*see* Dkt. Nos. 31, 32). Consequently, defendants' letter request is denied.

In essence, Messier alleges that his ancestors, "the Founding Family," made the "earliest use of the 'Fleur de Lis (Lys)' 'New Orleans' 'Saints' in America." (Compl. ¶ 3, Dkt. No. 1.) Messier asserts that his family has been associated with, made continual use of, and entered into license agreements regarding the use of the Fleur de Lis and the names "Saints" and "New Orleans" since 1534 in North America, 1564 in the Southern United States, and 1680 in the Gulf Coast and New Orleans. (*See id.* at ¶¶ 12, 27-38.) Accordingly, Messier contends that defendants have, among other things, unlawfully infringed on his marks.

Notwithstanding the clear frivolousness of Messier's claims, which defendants outline at length in their submissions, (*see* NFL Defs. Mem. of Law at 3-9, Dkt. No. 4:3), and putting aside the State defendants' well-established entitlement to sovereign immunity,[3] (*see* State Defs. Mem. of Law at 4-20, Dkt. No. 21:1), the court dismisses the action for improper venue, (*see id.* at 30-35).

---

[3] Additionally, defendants challenge the court's subject matter jurisdiction on the basis that Messier's claims are frivolous and implausible, and on the basis that Messier lacks standing to maintain the action. (*See* NFL Defs. Mem. of Law at 10-11, Dkt. No. 4:3; State Defs. Mem. of Law at 3-4, 20-25, Dkt. No. 21:1.) State defendants also challenge the sufficiency of service made upon them. (*See* State Defs. Mem. of Law at 35-38, Dkt. No. 21:1.)

3

The proper venue for this action is dictated by 28 U.S.C. § 1391, which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred ....

28 U.S.C. § 1391(b). Generally, the standard of review for improper venue is the same as the standard of review for lack of personal jurisdiction; namely, the burden is on the plaintiff to make a prima facie showing of venue through his pleadings, affidavits, and supporting materials.[4] *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (citations omitted); *cf. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The court must "construe the pleadings and affidavits in the light most favorable to [the plaintiff], resolving all doubts in his favor." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir.

---

[4]For purposes of § 1391(b)(1), a corporate entity is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," and where a state has more than one district, the "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(c); *see, e.g.*, *Gen. Elec. Capital Corp. v. Titan Aviation, LLC*, No. 06Civ.4795, 2007 WL 107752, at *6 (S.D.N.Y. Jan. 16, 2007).

2001) (citation omitted).  Equally important, "courts must construe pro se pleadings broadly, and interpret them to raise the strongest arguments that they suggest."  *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks, citation, and italics omitted).

Where venue is found to be improper or "wrong," the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."  *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (citations omitted).

Here, Messier, a Vermont resident, alleges that NFL Properties, LLC is a company organized in Delaware with a principal place of business in New York, New York, and that New Orleans Louisiana Saints, L.L.C. is a company organized in Texas with a principal place of business in Metairie, Louisiana.  (*See* Compl. ¶¶ 14-15, Dkt. No. 1.)  It is undisputed that the State of Louisiana and the Secretary of State of Louisiana are residents of Louisiana and have no connection to New York.  Messier does not assert that any of the parties to this action reside in the Northern District of New York.  Nor does Messier allege any event that occurred, action taken, or

5

conduct that arose in the Northern District of New York. Therefore, having reviewed all of Messier's submissions and construed them broadly in his favor,[5] the court finds that venue does not properly lie in the Northern District of New York. And in light of the significant questions regarding both the procedural and substantive merit of Messier's claims, the court declines to transfer this matter to a district where venue may be proper.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[5]In an attempt to refute defendants' assertion of improper venue, Messier appears to concede that none of the parties reside in the Northern District of New York, but nonetheless argues that the Northern District has venue over this action as the "closest to debarkation points of the 'Founding Family['s]' ... journey, exploration and discovery of planting the Fleur de Lis (Lys), Ville Marie, Montreal, Quebec, Canada, New France," and because "[t]he Siegnouries of Sieurs de Saints (Iberville) also about the St. Lawrence, Richelieu, Champlain which flows into Upstate New York." (Pl. Resp. Mem. of Law at 12-13, Dkt. No. 26.) Messier further suggests that the Northern District would be the best venue for purposes of (1) convenience to the parties, since the out-of-state parties have retained local counsel; (2) convenience of the witnesses, since "many experts of New France ... work and reside in Upstate New York, and vicinity"; and (3) ease of access to sources of proof, since "[U]pstate New York is ... easily accessible [to] sources of proof within two hours journey," since "Upstate New York is the [j]urisdiction closest to these sources," and because "New France historians with records and primary sources as to the early and continual use of Founding Family members were initially in the Northeast of North America." (*Id.* at 13-14.) Though novel and enlightening, these arguments are insufficient to satisfy § 1391(b)'s requirements.

6

**ORDERED** that defendants NFL Properties, LLC and New Orleans Louisiana, L.L.C.'s motion to dismiss (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that defendants Secretary of State of Louisiana and the State of Louisiana's motion to dismiss (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that plaintiff Michael Joseph Messier's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties by regular and certified mail.

**IT IS SO ORDERED.**

May 6, 2011
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge